UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JEANNINE BUFORD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-419-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

Plaintiff Jeannine Buford is an inmate confined by the Bureau of Prisons ("BOP") at the Federal Correctional Institution-Greenville, in Greenville, Illinois. Proceeding without an attorney, Buford has filed a Complaint asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. [Record No. 1] Buford's claims arise from events which allegedly transpired between March 10 and 11, 2013, while she was confined at the Federal Prison Camp ("FPC") in Lexington, Kentucky.

The Court has conducted a preliminary review of Buford's Complaint because she asserts claims against the United States and because she has been granted *pauper* status. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.[1] As explained below, the United States will be required to respond to Buford's claims.

---

[1] The Court must dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Because Buford is not represented by an attorney, the Court liberally construes her claims and accepts her factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

# I.

Buford alleges that, on March 10, 2013, while using the toilet facility in the "single man['s] bathroom" located on the second floor of the FPC, she came into contact with an exposed hot water pipe located too close to the toilet. [Record No. 1, p. 1, ¶ 4] As a result, she claims that she sustained a painful and serious burn to her lower back and top left buttock. [*Id.*] Buford asserts that the hot water pipe had not been properly insulated, and that "it appeared the insulation had been cut." [*Id.*]

Buford states that the burn was so extensive that she lost the skin in the affected area. FPC medical staff examined her, prescribed Silvadine cream, instructed her to apply it to the burn area, and told her that, although she had sustained a first degree burn, she would not have a permanent scar. [*Id.*, ¶¶ 5–6] However, Buford alleges that she now has a permanent scar measuring 2.5 cm by 15 cm. [*Id.*, ¶ 6] Buford alleges that she told the guard on duty and the two physician assistants who examined her that the exposed hot water pipe on the toilet needed to be covered with insulation[2] before someone else was burned. [Record No. 1, p. 1, ¶¶ 6–7] Several days later, someone covered the exposed hot water pipe with insulation. [*Id.*, ¶ 8] However, a few weeks after the pipe was covered, Buford alleges that "someone had cut the [insulation] again on the exact same water pipe, and it was exposed again to burn someone else, and the Safety Department failed to repair it right away again." [*Id.*, ¶ 9]

Buford alleges that, on March 15, 2013, she missed her follow-up medical appointment because she overslept, but that she went to the medical department on the same

---

2    Buford repeatedly used the word "installation" in paragraphs 7–9 of her Complaint but, given the allegations in the prior paragraphs and the overall context of her statements, it appears likely that she meant to use the word "insulation." [Record No. 1]

day to reschedule her appointment.  [*Id*., ¶ 10]  At that time, Buford alleges that she was told that the wound was healing properly and that she did not need to continue returning for medical appointments in connection with the wound.  [*Id*.]  Buford alleges that the medical staff instructed her to continue cleaning the wound, to continue applying the Silvadine cream, and provided her with supplies to clean the wound.  [*Id*.]

Buford submitted an administrative FTCA claim alleging that she had been burned by a steam pipe which had not been properly insulated and demanding $75,000 in damages from the government.  [Record No. 1, p. 2]  On May 27, 2014, the BOP acknowledged but denied Buford's claim (Administrative Tort Claim No. 2014-03989), finding no evidence that any negligent act or omission on the part of a BOP employee caused Buford's injury.  [Record No. 1-1, pp. 1–2]  The BOP explained:

> Investigation of your alleged claim revealed you were seen by medical on March 10, 2013, for a superficial burn on your lower back and top of left top buttocks.  Your wound was cleaned and you were given supplies for after you showered that evening.  You were advised to discuss the issue with your provider.  You were seen in medical on March 11, 2013. There was no blistering present and the top layer of your skin was removed.
>
> .  .  .  .
>
> The facilities department checked the pipe in the bathroom that you state was un-insulated.  Their investigation revealed that the pipe in question was properly insulated.

[*Id*.]

Buford filed this FTCA action on November 12, 2014.

## II.

The United States is immune from suit except where its sovereign immunity is explicitly waived.  *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).  The FTCA

waives this immunity and allows federal district courts to hear tort actions against the federal government for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1).  Substantively, the FTCA makes the United States liable "to the same extent as a private individual under like circumstances," subject to enumerated exceptions.  28 U.S.C. § 2674; *see Levin v. United States*, 133 S. Ct. 1224, 1228 (2013).

The FTCA provides the exclusive remedy for tort actions against the federal government, its agencies, and its employees.  *Ascot Dinner Theatre v. Small Business Admin.*, 887 F.2d 1024, 1028 (10th Cir. 1989).  Federal prisoners are among the possible plaintiffs in FTCA cases.  *United States v. Muniz*, 374 U.S. 150 (1963); s*ee also* 28 U.S.C. § 1346(b)(1); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004).  Importantly, an FTCA claim may only be asserted against the United States.  *See* 28 U.S.C. § 2674; *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action.").

Buford's claim appears to have been timely presented to the BOP and fully exhausted. Further, Buford timely filed the present action challenging the BOP's denial of her claim within the six-month period allowed by statute, 28 U.S.C. § 2401(b), and properly named the United States as the sole defendant to this action.  Therefore, the Court will direct the United States to file a response to Buford's FTCA claim.  Because the Court has granted Buford's motion to proceed *in forma pauperis*, the Lexington Clerk's Office will be directed to issue Summons and the United States Marshals Service ("USMS") will be directed serve the

Summons and Complaint on Buford's behalf.  *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).  Accordingly, it is hereby

**ORDERED** as follows:

1.      A Deputy Clerk in the Lexington Clerk's Office shall prepare a "Service Packet" consisting of the following documents for service of process upon the United States:

       a.      a completed Summons form;

       b.      the Complaint and attachments [Record Nos. 1, 1-1];

       c.      this Memorandum Opinion and Order; and

       d.      a completed USM Form 285.

2.      The Lexington Deputy Clerk shall deliver the Service Packet and copies to the USMS in Lexington, Kentucky, and note in the docket the date that the Service Packet was delivered.

3.      The USMS shall serve the United States by sending a Service Packet by certified or registered mail to:

       a.      the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

       b.      the Office of the Attorney General of the United States in  Washington, D.C.;  and

       c.      the Central Office of the Federal Bureau of Prisons in Washington, D.C.

4.      Buford must immediately advise the Court of any change in her current mailing address.  **Failure to do so may result in the dismissal of this case.**

5.      Buford must communicate with the Court solely through notices or motions filed with the Clerk of the Court.  **The Court will disregard any and all correspondence sent directly to the judge's chambers**.

6.      With every notice or motion filed with the Court, Buford must: (a) mail a copy to the defendant (or the defendant's attorney); and (b) at the end of the notice or motion, certify that he has mailed a copy to the defendant (or the defendant's attorney) and the date on which this was done.  **The Court will disregard any and all notices and motions which does not include this certification**.

This 18th day of March, 2015.

Signed By:

_Danny C. Reeves_  DCR

**United States District Judge**